UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                    :
FREDDY MARTINEZ,                    :

                Petitioner,         :          03 Civ. 0938 (LAP)(HBP)

      -against-                     :          REPORT AND
                                    :          RECOMMENDATION
MICHAEL GIABRUNO, Superintendent    :

                Respondent.         :
-----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/06

          PITMAN, United States Magistrate Judge:

          TO THE HONORABLE LORETTA A. PRESKA, United States
District Judge,

I.   Introduction

          Petitioner Freddy Martinez seeks, by his pro se peti-
tion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, an
Order vacating the sentence imposed on March 25, 1999, on the
basis of his guilty plea, by the Supreme Court of the State of
New York, New York County (Rettinger, J.), for criminal posses-
sion of a weapon in the third degree in violation of New York
Penal Law Section 265.02(4).   Petitioner was sentenced as a
second felony offender to a six year determinate term.   Peti-
tioner was released on parole on April 29, 2004.

          For the reasons set forth below, I respectfully recom-
mend that the petition be denied.

II.  <u>Facts</u>

    A.  Facts Leading to
        <u>Petitioner's Conviction</u>

        Petitioner's conviction arises out of his possession of

a loaded firearm on June 22, 1997 (P.[1] at 3).  On that date,

petitioner pointed a loaded pistol at, and threatened to kill,

two employees of the Mis Amigos restaurant in Manhattan, at

approximately 6:50 a.m. (S.[2] at 6; P.V.D.F. at 1).  The police

arrived shortly thereafter, and witnesses identified petitioner

at the scene (P.V.D.F. at 2).  The police arrested petitioner and

discovered the loaded gun in the restaurant (P.V.D.F. at 1, 3).

        By indictment filed on July 11, 1997, Petitioner was

charged with one count of criminal possession of a weapon in the

second degree, one count of criminal possession of a weapon in

the third degree, and one count of menacing in the second degree,

in violation of New York Penal Law Sections 265.03, 265.02(4) and

120.14(1), respectively.  On December 11, 1997 petitioner with-

drew a not-guilty plea and plead guilty to one count of criminal

──────────────

        [1]"P." refers to the transcript of petitioner's plea
proceeding held on December 1, 1997, annexed as Exhibit B to the
Declaration of Willa J. Bernstein in Opposition to Petition for
Habeas Corpus, dated July 21, 2003 ("Bernstein Decl.").

        [2]"S." refers to the transcript of petitioner's sentencing
proceeding held on March 25, 1999, annexed as Exhibit C to the
Bernstein Decl.  "P.D.V.F." refers to the People's Voluntary
Disclosure Form, annexed as Exhibit A to the Bernstein Decl.

possession of a weapon in the third degree in full satisfaction
of the indictment (P. at 2-4).  The Honorable Martin Rettinger,
Justice of the Supreme Court of the State of New York, promised
petitioner a determinate prison term of four years on his plea on
the condition that petitioner return for sentencing on December
21, 1998 (P. at 4).  Justice Rettinger stressed that petitioner
"must" return for sentencing or risk facing "seven years plus
another four years" for violating the conditions of the plea
agreement (P. at 12).

Petitioner failed to appear for sentencing on December
21, 1998 and a warrant was issued (S. at 7, 16).  On or about
March 14, 1999, petitioner was arrested in the Bronx on an
unrelated narcotics charge and was returned on the warrant (S. at
7-8).  On March 25, 1999, Justice Rettinger sentenced petitioner
to a determinate prison term of six years as a predicate felony
offender (S. at 2-3, 21).[3]

B.  Procedural History

Petitioner appealed his sentence to the Appellate
Division, First Department, arguing that his sentence should be
modified or reversed in the interests of justice due to his
remorse and family situation, and because his sentence, which was

---

[3]Justice Rettinger adjudicated petitioner a predicate felony
offender based on a November 1995 conviction for attempted
criminal sale of a controlled substance in the third degree.

3

two years longer than the sentence he had bargained for, was unduly harsh (Petitioner's Appellate Brief at 7-8, annexed as Exhibit D to the Bernstein Decl.).  The Appellate Division unanimously affirmed petitioner's conviction on December 27, 2001.  People v. Martinez, 289 A.D.2d 1102, 734 N.Y.S.2d 529 (1st Dep't. 2001).

Petitioner sought leave to appeal to the New York Court of Appeals on January 22, 2002 based on the Appellate Division briefs (Petition at 2; Petitioner's Letter Seeking Leave to Appeal at 1, annexed as Exhibit G to the Bernstein Decl.).  The Court of Appeals denied leave to appeal on March 25, 2002. People v. Martinez, 97 N.Y.2d 757, 769 N.E.2d 364, 742 N.Y.S.2d 618 (2002).

### C.  Petitioner's Claim

Petitioner now challenges the lawfulness of his incarceration on the grounds that his sentence is harsh and excessive, constituting cruel and unusual punishment in violation of the Eighth Amendment.

## III.  Analysis

### A.  Petitioner's Claim

A sentence may violate the Eighth Amendment when the sentence is "grossly disproportionate" to the crime committed or

when the sentence imposed "shocks the collective conscience of society." United States v. Gonzalez, 922 F.2d 1044, 1053 (2d Cir. 1991); see also Lockyer v. Andrade, 538 U.S. 63, 73 (2003); Harmelin v. Michigan, 501 U.S. 957, 1001 (1991); United States v. Snype, 441 F.3d 119, 152 (2d Cir. 2006); United States v. Romano, 825 F.2d 725, 731 (2d Cir. 1987); Pressley v. Bennett, 235 F. Supp.2d 349, 368-69 (S.D.N.Y. 2003); Calderon v. Keane, 97 Civ. 2116 (RCC)(JCF), 2002 WL 1205745 at *14 (S.D.N.Y. Feb. 21, 2002) (Report & Recommendation), adopted, 2003 WL 22097504 (S.D.N.Y. Sept. 9, 2003); Sutton v. Herbert, 39 F. Supp.2d 335, 337 (S.D.N.Y. 1999); see generally Ewing v. California, 538 U.S. 11 (2003).

If petitioner is challenging the sentence imposed as an abuse of the Trial Court's discretion, he has failed to state a cognizable constitutional claim.  A sentence within the range established by state law, as the sentence here clearly was,[4] is ordinarily not subject to an Eighth Amendment challenge.  See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam); Diaz v. Herbert, 317 F. Supp.2d 462, 479-80 (S.D.N.Y. 2004); Brown v. Goord, 02 Civ. 2122 (NRB), 2002 WL 31093611 at *5

---

[4]New York classifies criminal possession of a weapon in the third degree as a Class D violent felony.  N.Y. Penal L. § 70.02(1)(c).  Because petitioner was a second felony offender (S. at 2-3), at the time of petitioner's sentencing, the permissible sentencing range was an indeterminate term of four to seven years.  N.Y. Penal L. § 70.02(2)(d).

(S.D.N.Y. Sept. 13, 2002); Espinal v. Barkely, 95 Civ. 1214 (HB),
1996 WL 673833 at *1 (S.D.N.Y. Nov. 20, 1996); Rodriguez v.
O'Keefe, 96 Civ. 2094 (LLS), 1996 WL 428164 at *7 (S.D.N.Y. July
31, 1996), aff'd mem., 122 F.3d 1057 (2d Cir. 1997).

     If petitioner is claiming that his sentence is so
disproportionately long that it constitutes an Eighth Amendment
violation, his claim fails.[5] As stated by the Supreme Court, a
habeas court will find that a state-law sentence is "grossly
disproportionate" and violates the Eighth Amendment only "in the
'exceedingly rare' and 'extreme' case." Lockyer v. Andrade,
supra, 538 U.S. at 73, quoting Harmelin v. Michigan, supra, 501
U.S. at 1001; accord Ewing v. California, supra, 538 U.S. at 21;
United States v. Snype, supra, 441 F.3d at 152; Whitlatch v.
Senkowski, 344 F. Supp.2d 898, 905-07 (W.D.N.Y. 2004); Vasquez v.
Walker, 01 Civ. 8032 (AKH), 2004 WL 594646 at *5 (S.D.N.Y. Mar.
25, 2004); Ayala v. People, 03 Civ. 2762 (AKH), 2004 WL 527035 at
*5 (S.D.N.Y. Mar. 16, 2004); Williams v. Philips, 02 Civ. 5811
(DC), 2003 WL 21961127 at *8 (S.D.N.Y. Aug. 18, 2003).

     Petitioner's sentence here is entirely ordinary.  Other
courts have reviewed sentences of the range imposed upon peti-
tioner for comparable offenses and have uniformly upheld such

---

    [5]Petitioner never raised any constitutional claim in the
state courts and his Eighth Amendment claim is, therefore,
technically unexhausted.  See Baldwin v. Reeve, 541 U.S. 27, 28
(2004).  I can, nevertheless, address the claim to deny it on the
merits.  28 U.S.C. § 2254(b)(2).

sentences as being in conformity with the Eighth Amendment.  E.g. Simmons v. Fisher, 02 Civ. 4811 (SHS)(MHD), 2006 WL 2129770 at *20 (S.D.N.Y. July 26, 2006) (sentence of ten years for criminal possession of a weapon in the second degree did not violate the Eighth Amendment); Hsu v. Cunningham, 05 Civ. 4586 (LTS)(JCF), 2006 WL 938729 at *4-*5 (S.D.N.Y. Apr. 11, 2005) (determinate sentence of ten years for criminal possession of a weapon in the second degree did not violate the Eighth Amendment); Salcedo v. Artuz, 107 F. Supp. 2d 405, 413-15 (S.D.N.Y. 2000) (concurrent sentences of two and one-third to seven years, and five to fifteen years, for first time offender convicted of third and second degree weapon possession respectively, running consecutively to a term of twenty five years to life for murder, did not violate the Eighth Amendment); Toulson v. Beyer, 827 F. Supp. 307, 311 (D.N.J. 1993) (sentence of five years for possession of a handgun not excessive under the Eighth Amendment).  In light of these decisions, petitioner's sentence cannot be characterized as "grossly disproportionate" to the crime for which he was convicted.  Thus, petitioner's claim fails because he has not shown that the state court's sentencing decision was contrary to federal law or based on an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d)(1)-(2).

IV.  Conclusion

        For the foregoing reasons, I respectfully recommend
that the petition be denied.

        In addition, since petitioner has not made a substan-
tial showing of the denial of a constitutional right, I also
recommend that a certificate of appealability not be issued.   28
U.S.C. § 2253.  To warrant the issuance of a certificate of
appealability, "petitioner must show that reasonable jurists
could debate whether . . . the petition should have been resolved
in a different manner or that the issues presented were adequate
to deserve encouragement to proceed further."  <u>Middleton v.
Attorneys Gen.</u>, 396 F.3d 207, 209 (2d Cir. 2005) (<u>per curiam</u>)
(internal quotation marks omitted); <u>see also</u> <u>Love v. McCray</u>, 413
F.3d 192, 195 (2d Cir. 2005) (<u>per curiam</u>).  For the reasons set
forth above, I conclude that there would be no difference of
opinion among reasonable jurists that petitioner's federal rights
were not violated.

        I further recommend that certification pursuant to 28
U.S.C. § 1915(a)(3) not be issued because any appeal from this
Report and Recommendation, or any Order entered thereon, would
not be taken in good faith.  <u>See</u> <u>Coppedge v. United States</u>, 369
U.S. 438, 445 (1962).

8

V.   <u>Objections</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report and Recommendation to file written objections.   <u>See</u> <u>also</u> Fed.R.Civ.P. 6(a) and 6(e).   Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska, United States District Judge, 500 Pearl Street, Room 1320, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.   Any requests for an extension of time for filing objections must be directed to Judge Preska.   FAILURE TO OBJECT WITHIN TEN (10) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.   <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir.

1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir.

1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
          October 20, 2006


                                        Respectfully submitted,



                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge


Copies mailed to:

Mr. Freddy Martinez
#99R2308
Wyoming Correctional Facility
P.O. Box 501/Dunbar Road
Attica, New York 14011

Willa J. Bernstein, Esq.
Assistant Attorney General
120 Broadway
New York, New York 10271